**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **VS.** | **NO. 3: 06-CR-41 (CAR)** |
| **FRAZIER LANIER JOHNSON,** | |
| | **VIOLATION:  DRUG RELATED** |
| **Defendant** | |

## ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  The defendant was represented by Mr. Richard Hull of the Macon Bar; the United States was represented by Assistant U. S. Attorney Tamara A. Jarrett.  Based upon the evidence proffered to the court by counsel for the government and for the defendant, and the contents of the Pretrial Service Report dated September 29, 2006, as well as argument of counsel,  I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☒ **(1)  There is PROBABLE CAUSE to believe that the defendant has committed an offense**

    ☒ **for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.**
    ☐ **under 18 U.S.C. §924(c).**

☒ **(2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.**

#### ALTERNATIVE FINDINGS

☒ **(1)  There is a serious risk that the defendant will not appear.**

☒ **(2)  There is a serious risk that the defendant will endanger the safety of another person or the community.**

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

      Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated September 29, 2006, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance and the safety of the community were defendant JOHNSON to be released from custody at this time.  Although the defendant has strong ties to the Athens, Georgia area, the offense charged against the defendant is a serious drug offense for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 135 months to 168 months in prison.  The weight of evidence appears to be strong, with surveillance, including wiretaps, of defendant JOHNSON having taken place over a period of months, chronicling his leadership role in a illegal drug organization with out-of-state ties.

Defendant JOHNSON has a limited arrest and conviction record: he has but one felony drug conviction, that having occurred in 1994 in the Superior Court of Clarke County, Georgia, and an apparent misdemeanor conviction in 1997 for Obstruction of Officers for which he served six months confinement..

For the foregoing reasons, pretrial detention is mandated.  IT IS SO ORDERED.


### PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 3rd day of OCTOBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE